IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICTOR RIOS-CHAVEZ,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:07CV590 DAK |

       This matter is before the court on pro se Petitioner Victor Rios-Chavez's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner has now timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 USC § 2255, claiming that he was denied effective assistance of counsel during his sentencing and also post-sentencing.

       On April 18, 2006, Petitioner pleaded guilty to violating 21 U.S.C. § 841(a)(1) (possession of 500 grams or more of a mixture or substance containing methamphetamine with intent to distribute).  On August 4, 2006, Defendant filed an Objection to his Pre-Sentence Report, objecting to the two-level enhancement, added pursuant to U.S.S.G. § 2D1.1(b)(1), wherein if a dangerous weapon was possessed, the offense level is increased by two levels.   On September 6, 2006, Petitioner was sentenced.   After hearing argument from defendant's counsel and his co-defendant's counsel regarding the firearm enhancement, the court ruled that the gun

1

enhancement applied to both defendants.  Given a total offense level of 35 and a criminal history category of II, the Guideline range was 188-235 months.   Petitioner was then sentenced to the custody of BOP for 188 months, with a 60-month term of supervised release.

Petitioner claims that he was denied effective assistance of counsel for a variety of reasons.  First, he claims that he instructed his counsel to appeal the firearm enhancement to his sentence, but his counsel failed to file an appeal.  Petitioner also contends that his attorney induced him to enter a guilty plea that was not knowing and voluntary.  Specifically, according to Petitioner, his attorney told him that "[y]ou should plead guilty as soon as possible, it is the best thing you can do for yourself.  You will not get too much time, and the guns will not be charged to you."  Based on this, Petitioner claims he pleaded guilty.  While it is true that the government had agreed not to file a Superceding Indictment regarding the firearms, Petitioner implies that he would not have pleaded guilty if he had known that his sentence could be enhanced due to the firearms.   Finally, Petitioner claims that he was denied effective assistance of counsel  because his attorney did not object to the use of prior convictions in his Pre-sentence Report.

The court finds no merit to Petitioner's arguments.   As a part of his plea agreement, waived his rights to appeal his sentence or collaterally attack his sentence.   Petitioner's Statement in Advance of Plea states that "I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined . . . except that I do not waive my right to appeal a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above."   Petitioner did not receive a sentence above the maximum provided in the statute of conviction.  Petitioner 's Statement in

Advance of Plea also states, "I knowingly, voluntarily and expressly waive my right to challenge my conviction, my sentence, or the manner in which my sentence is determined in any collateral review motion, writ or other procedure, including but not limited to a motion brought under title 28, United States Code, Section 2255." Petitioner signed the Statement in Advance of Plea and acknowledged that he understood its contents. The Statement in Advance of Plea states that it is the full agreement between the parties. Petitioner acknowledged in his Statement in Advance of Plea that he understood that the maximum possible penalty provided for the offense was a term of imprisonment of not less than ten years and not more than life.

In exchange for Petitioner's guilty plea, the government agreed to recommend that the defendant be given a three-level reduction for acceptance of responsibility if the defendant indeed demonstrated an acceptance of responsibility. The government also agreed not to present a superseding indictment to the grand jury, seeking an indictment for an offense under 18 U.S.C. § 942c and also agreed not to seek an indictment against the defendant for drug distribution offenses related to the defendant's conduct with another individual. The government also agreed to recommend a sentence at the low end of the guideline range. It also states that the judge is not bound by any of the recommendations made by the parties.

In *United States v. Cockerham,* the Tenth Circuit held "that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." 237 F.3d 1179, 1183 (10th Cir. 2001). This is true even when the petitioner raises ineffective assistance of counsel claims, as long as those claims do not assert that ineffective assistance of counsel rendered the plea or waiver unknowing or involuntary. *Id.* at 1187. Petitioner claims

that his attorney failed to provide him with effective assistance of counsel by not appealing, by not objecting to the inclusion of his past criminal history in the Pre-Sentence Report, and, apparently, for not telling Petitioner that his sentence could be enhanced due to the firearms.  Of these claims, the only claim that bears upon a knowing and voluntary waiver is Petitioner's alleged lack of knowledge about the firearm enhancement.

      This lack of knowledge, however, is not sufficient to render the plea involuntary or unknowing.   Petitioner acknowledged that he understood that he faced a maximum penalty of life and that the judge was not bound by any of the recommendations made by the parties.  Regarding a similar issue, courts have found that a defendant who did not know or did not accept the fact that his  sentence could be enhanced due to the fact that he was a career offender does not render his plea involuntary or unknowing.  *See e.g.*, *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (it not an abuse of discretion for a district court to deny a request  withdraw a guilty plea that is based on the defendant's claim that he was unaware of the possible application of a career offender enhancement to his sentence prior to the entry of his guilty plea); *see also United States v. Pearson* 910 F.2d 221, 223 (5th Cir. 1990) (although the defendant was not informed, prior to entry of his plea, of the applicability of a career offender enhancement, his guilty plea which resulted in a twenty-year sentence was not involuntary, where the court had informed defendant prior to accepting his plea that he faced a maximum prison term of twenty years, and the Pre-Sentence investigation report concluded that defendant qualified as a career offender and recommended that the enhancement be applied).   There is no logical distinction between a career offender enhancement and a firearm enhancement, and thus, the fact that

Petitioner did not know that his sentence could be enhanced due to the firearms does not render his plea involuntary.

Next, Petitioner has not demonstrated that his counsel's failure to apprise him of the firearm enhancement was prejudicial.  *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).   Even without the firearm enhancement, the Guideline range for Petitioner's sentence would have been 155-188 months, and thus, Petitioner's sentence is still within the Guideline range had his sentence not been enhanced.

Finally, Petitioner's co-defendant appealed his sentence–including the firearm enhancement–to the Tenth Circuit, and the court found that under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curia), he had waived his right to appeal. Petitioner's situation is virtually identical to his co-defendant's, and thus, the court finds that he waived his right to any appeal and also waived his right to collaterally challenge his sentence.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.   This case is now closed.

DATED this 7th day of March, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge